IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                      Case No. 4:98cr69-RH
                                                                       Case No. 4:13cv325-RH/CAS

**CARLON BURNICE CRAWFORD,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

Defendant Carlon Burnice Crawford, proceeding pro se, has filed a Motion to Vacate, Set Aside, or Correct Judgment and Sentence Under 28 U.S.C. § 2255. Doc. 42. In the underlying criminal case, No. 4:98cr69-RH, Defendant entered a plea to the charge of failure to appear at sentencing, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A), and he was sentenced to a term of 72 months imprisonment on May 16, 2012. Docs. 17 (plea agreement) and 26 (judgment). Defendant appealed to the Eleventh Circuit Court of Appeals, and that appeal is still pending. See Doc. 28. See also United States v. Crawford, No. 12-12886 (11 Cir. appeal docketed June 4, 2012).

The district court lacks jurisdiction to consider and rule on a § 2255 motion during the pendency of the direct appeal. United States v. Dunham, 240 F.3d 1328,

1329-30 (11th Cir. 2001); United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990). Therefore, Defendant's § 2255 motion must be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 42) be **DISMISSED without prejudice**, as this court lacks jurisdiction to consider Defendant's claims during the pendency of his direct appeal.

2. A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2013.

        S/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**