IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                           Case Nos.:        4:98cr69/RH/CAS
                                                4:16cv436/RH/CAS

CARLON BURNICE CRAWFORD,
     Reg. No. 10813-017,
     Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and the Government's response in opposition thereto.  (ECF Nos. 58, 62.)   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   The court recommends that the § 2255 motion be denied without an evidentiary hearing.   *See* Rules Governing Section 2255 Cases 8(a) and (b).

BACKGROUND

Defendant Carlon Burnice Crawford was charged in a four-count indictment in Case No. 4:97cr62/RH with conspiracy to possess with intent to distribute cocaine ("Count 1"), conspiracy to import cocaine into the United States ("Count 2"), importation of cocaine into the United States ("Count 3"), and being a felon in possession of a firearm ("Count 4"). (Case No. 4:97cr62/RH "Case 97", ECF No. 1.)   The Government filed a notice indicating its intent to seek enhanced penalties due to a prior felony drug conviction.   (Case 97, ECF No. 31.)   Defendant entered a guilty plea to Counts 1, 3 and 4 of the indictment, represented by retained counsel R. Timothy Jansen.   (Case 97, ECF Nos. 32, 33.)   While on pretrial release, Defendant provided a urine sample that testified positive for marijuana and cocaine in violation of his conditions of pretrial release.   (Case 97, ECF No. 67.)   The court held a hearing, at which Defendant admitted the violation and he was continued on pretrial release.   (Case 97, ECF No. 78.)   Sentencing was continued twice, and when Defendant did not appear for the July 9, 1998 sentencing, a bench warrant was issued.   (Case 97, ECF Nos. 93, 94.)   As a result of Defendant's failure to appear for sentencing, he was indicted in Case No. 4:98cr69/RH ("Case 98").

Case Nos.: 4:98cr69/RH/CAS; 4:16cv436/RH/CAS

In November of 2011 the FBI located Defendant in the country of Honduras living under a false identity.   (Case 98, ECF No. 16 at 3; ECF No. 36 at 11; ECF No. 23, PSR ¶ 26).   Defendant was brought back to the United States and returned to this district.   He was ordered detained on December 7, 2011.   (Case 97, ECF No. 109; Case 98, ECF No. 23, PSR ¶¶ 9, 10.)   Represented by appointed counsel Clyde Taylor, Defendant pleaded guilty to the charge of failure to appear in Case 4:98cr69/RH on January 27, 2012.   (Case 98, ECF Nos. 16-18, 36.)   Mr. Jansen continued to represent Defendant in the underlying case.   (*See* Case 98, ECF No. 36 at 8, ECF No. 37.)

The Presentence Investigation Report assessed a total offense level of 43.   (Case 98, ECF No. 23, PSR ¶¶ 34-43.)   This included a base offense level of 34, three two-level adjustments for possession of a firearm, an aggravating role in the importation of a controlled substance, and obstruction of justice, and a three-level adjustment for Defendant's managerial role in the offense.   Defendant had a criminal history category of I, and an applicable advisory guidelines range of life, although Count 4 had a statutory maximum of ten years imprisonment.   (PSR ¶¶ 49, 73-74.) The court ultimately determined that the total offense level was 42, and the

criminal history category was I, yielding a range of 360 months to life

imprisonment.   (ECF No. 37 at 27.)   On May 16, 2012, the court

sentenced Defendant in Case 4:97cr62 below the applicable guidelines

range to the minimum mandatory term of 240 months as to Counts 1 and 3,

a concurrent 120 month term on Count 4.   The sentence also included a

consecutive term of 72 months' imprisonment in Case 4:98cr69, for a total

of 312 months' imprisonment.   (Case 98, ECF No. 26; ECF No. 37 at 41-

42.)   The court's sentence afforded Defendant credit for his "good behavior

when he [was] in failure-to-appear status," his early attempts at cooperation

with law enforcement, and his family circumstances.   (Case 98, ECF No.

37 at 44-45.)

Defendant simultaneously filed a notice of appeal and a § 2255

motion.   (Case 98, ECF Nos. 41, 42.)   The latter motion was dismissed

due to the pendency of the appeal.   (ECF Nos. 45-47.)   On August 27,

2015, the Eleventh Circuit found that Defendant, due to his status as a

former fugitive, had lost his right to appeal and dismissed his appeal

pursuant to *United States v. Ortega-Rodriguez*, 13 F. 3d 1474, 1476 (11th

Cir. 1994).   (ECF No. 48.)   The court noted that the Government had

been burdened by Defendant's flight, and that Defendant had failed to

show that his flight had not resulted in, and was not likely to cause, a

significant interference with the operation of the judicial process.[1]

Defendant filed a § 2255 motion in January of 2016, which he

subsequently voluntarily dismissed.   (Case 98, ECF Nos. 49-52.)

In June of 2016 he filed a document titled "Memorandum to Support

Motion to Vacate, Set Aside, or Correct a Sentence (Motion Under 28

U.S.C. § 2255)" (ECF No. 53.)   The motion was not on the proper form, so

the undersigned entered an order directing Defendant to file an amended

motion.   The order specifically noted that Defendant was not permitted to

"adopt and incorporate" or otherwise refer back to this submission, and that

any arguments, documents or evidence that he wanted the court to

consider had to accompany his amended motion.   (ECF No. 54.)

---

[1] The court also noted that Defendant's appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), but that the court denied the motion because counsel had not provided a transcript of the 1997 change-of-plea hearing. Counsel's second *Anders* motion advised the court that the contract court reporter at the 1997 change-of-plea hearing did not file her notes with the district court, and, when asked in 2014, informed counsel that she no longer had notes for any cases before 2001.   The Eleventh Circuit remanded the case to the district court for reconstruction of the transcript, which the district court concluded was impossible.   The appellate court then appointed substitute counsel and directed counsel to brief whether Defendant had been denied the right to an effective appeal due to the absence of the 1997 change-of-plea hearing transcript from the record, and whether Defendant may have waived his right to appeal because of his flight.   The case turned on the latter issue.   (Case 98, ECF No. 48 at 3-4.)

Case Nos.: 4:98cr69/RH/CAS; 4:16cv436/RH/CAS

Defendant did not respond to the order, so the court entered an order to show cause why the case should not be dismissed for his failure to comply with a court order.   (ECF No. 55.)   Defendant responded with a handwritten letter in which he claimed that his case should be thrown out because the transcripts were missing or lost.   (ECF No. 56.)   The court again directed him to file his amended motion on the court form.   (ECF No. 57.)

Defendant finally filed his amended motion, without a supporting memorandum of law, and it is this amended motion that is now before the court.   (ECF No. 58.)   The Government responded in opposition, and Defendant has not filed a reply, despite having been afforded the opportunity to do so.   (*See* ECF Nos. 61, 62.)

In the amended motion, Defendant raises four claims for relief.   He claims that he pleaded guilty in 1997 in reliance on his attorney's promise that he would receive a sentence of five years or less; that his arrest in Honduras was unlawful; that he was not read his *Miranda* warnings at the time of his 1997 arrest; and that attorney Clyde Taylor provided ineffective assistance of counsel.   Defendant's motion contains repeated requests to "throw out" the case against him due to the missing transcripts, without

Case Nos.: 4:98cr69/RH/CAS; 4:16cv436/RH/CAS

acknowledging that it was his flight from justice which resulted in the

inability to produce the "missing" change-of-plea transcript.   The

Government opposes the motion.[2]

## ANALYSIS

General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in

conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132,

1138 (11th Cir. 2014).   Collateral review is not a substitute for direct

appeal, and therefore the grounds for collateral attack on final judgments

pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief

under section 2255 if the court imposed a sentence that (1) violated the

Constitution or laws of the United States, (2) exceeded its jurisdiction, (3)

exceeded the maximum authorized by law, or (4) is otherwise subject to

collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657

F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is

reserved for transgressions of constitutional rights and for that narrow

---

[2] In accordance with the court's directive that any arguments or evidence Defendant wanted the court to consider must be included with Defendant's amended motion, the Government responded only to the claims raised in the amended motion.

Case Nos.: 4:98cr69/RH/CAS; 4:16cv436/RH/CAS

compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different

factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.   *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."   *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).   To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at

1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003).   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at

688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."  *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.   "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."  *Chandler*, 218 F.3d at 1314.   When reviewing the performance of an experienced trial counsel, such as the attorneys in this case, the presumption that counsel's

conduct was reasonable is even stronger, because "[e]xperience is due some respect."    *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, Defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.    *Strickland*, 466 U.S. at 694.    "The likelihood of a different result must be substantial, not just conceivable."    *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).    For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."    *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).    A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."    *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.    *Glover v. United States*, 531 U.S. 198,

203–04 (2001).   A significant increase in sentence is not required to

establish prejudice, as "any amount of actual jail time has Sixth

Amendment significance."   *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual

support for his contentions regarding counsel's performance.   *Smith v.*

*White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory

allegations of ineffective assistance are insufficient to satisfy the *Strickland*

test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34

(11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir.

2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson*

*v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941

F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899

(11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Furthermore, counsel is not constitutionally deficient for failing to preserve

or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342

(11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d

1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue

is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of*

*Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve

meritless *Batson* claim not ineffective assistance of counsel); *Brownlee v.*

*Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective

for failing to raise issues clearly lacking in merit).

Finally, the Eleventh Circuit has recognized that given the principles

and presumptions set forth above, "the cases in which habeas petitioners

can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at

1313.   This is because the test is not what the best lawyers would have

done or even what most good lawyers would have done, but rather whether

some reasonable lawyer could have acted in the circumstances as defense

counsel acted.   *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d

1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have

been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent

attorney would have chosen it.'"   *Dingle*, 480 F.3d at 1099 (quoting *Adams*

*v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).   The Sixth Circuit

has framed the question as not whether counsel was inadequate, but rather

whether counsel's performance was so manifestly ineffective that "defeat

was snatched from the hands of probable victory."   *United States v.*

*Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).   Regardless of how the

standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.   A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Defendant claims that he pleaded guilty in Case 4:97cr62/RH because attorney Tim Jansen promised him a sentence of five years or less.   (ECF No. 58 at 4.)   He claims that he has learned that counsel "has a pattern of doing this to his clients and [it] has happened several times." (*Id.*)   Defendant suggests that his plea was unknowing because of the alleged promise.

The court's review of this claim is only partially hampered by the lack of transcript of the plea colloquy.[3]   There is sufficient other record evidence to refute Defendant's claim.   First, there is the written plea

---

[3] A transcript of a plea colloquy is typically prepared only once a Defendant files a notice of appeal.   In this case, Defendant's notice of appeal was not filed until almost 15 years after he entered his plea.   The court reporter did not retain her notes from the change-of-plea hearing and the district court has already confirmed that reconstruction of the transcript is impossible. (Case 97, ECF No. 48 at 4.)

Case Nos.: 4:98cr69/RH/CAS; 4:16cv436/RH/CAS

agreement.   Defendant and his attorney signed a plea and cooperation agreement that clearly set forth the penalties he faced, including minimum mandatory penalties of 20 years' imprisonment on Count 1, and 10 years' imprisonment on Count 3.   (Case 97, ECF No. 32 at 3.)   The agreement also noted, twice, that the sentence to be imposed was "left solely to the discretion of the district court."   (ECF No. 32 at 5, 8.)   Finally, the agreement stated that there were no other agreements between Defendant and the Government.

Second, the minute entry from the rearraignment proceeding reflects that the court advised Defendant of the minimum penalties he faced. (Case 97, ECF No. 33.)

Third, although the transcript of the colloquy in this case is not available, the district court's practice at the time was illustrated by the transcripts of two other plea proceedings the court conducted around the time of Defendant's 1997 plea hearing.   (Case 97, ECF No. 142-2, 142-3.) These transcripts were attached to the court's Order on Remand in support of the conclusion that a similar plea colloquy would have been conducted in this case, and the court would not have accepted a plea without Defendant

averring that there were no other promises other than those contained in the agreement.

The Government questions the credibility of Defendant's eleventh hour assertion.   It notes that Defendant did not raise this issue of Attorney Jansen's alleged "promise" regarding his sentence at any point during the proceedings leading up to his sentencing, at sentencing, or on direct appeal, and he never moved to withdraw the guilty plea.   Rather, the Government observes, Defendant raised it for the first time more than four years after his sentencing and only after learning there was no transcript of the 1997 rearraignment proceeding.   The Government further argues that the reasoning applied by the Eleventh Circuit to dismiss Defendant's appeal applies equally to these collateral proceedings.   Defendant should not be able to benefit in this proceeding from an incomplete record caused by his own conduct in fleeing before sentencing and remaining a fugitive for thirteen years.   The undersigned concurs.   Defendant has not shown he is entitled to relief.[4]

---

[4] In Defendant's original motion/memorandum, he asserts that he intended to tell the court at the 2012 sentencing about Jansen's promise to him, but that Attorney Taylor dissuaded him from doing so.   (ECF No. 53 at 13-14.)   His characterization of both attorneys' actions as "coercion" is not supported by the record, particularly in light of his

Case Nos.: 4:98cr69/RH/CAS; 4:16cv436/RH/CAS

Ground Two

Defendant contends that he was unlawfully arrested by the FBI on November 17, 2011 in Honduras.   Defendant states that he lived for 14 ½ years in Honduras, which he describes as a non-extraditing country, thus implying that he should not have been returned to the U.S.A. for prosecution.   He also maintains that FBI agent Streetworth admitted that Streetworth was kidnaping Defendant from Honduras.

Defendant's claim regarding his arrest is procedurally barred because it could have been, but was not, raised either before the district court or on appeal. *Lynn*, 365 F.3d at 1234–35; *Bousley*, 523 U.S. at 621; *McKay*, 657 F.3d at 1195.   He cannot show cause and prejudice because his assertion has no basis in law.

Under the *Ker-Frisbie* doctrine[5], criminal defendants generally cannot defeat personal jurisdiction by asserting that they were brought under the district court's jurisdiction through illegal means.   *United States v. Ceja*, 543 F. App'x 948, 953 (11th Cir. 2013).   A court's jurisdiction is not defeated if a defendant is forcibly kidnapped from another country by

---

immediate attempts at cooperation.

[5] *Ker v. Illinois*, 119 U.S. 436 (1886); *Frisbie v. Collins*, 342 U.S. 519 (1952).

Case Nos.: 4:98cr69/RH/CAS; 4:16cv436/RH/CAS

United States Agents, as Defendant alleges in this case.    *United States v. Alvarez-Machain*, 504 U.S. 655 (1992); *see also United States v. Matta*, 937 F. 2d 567, 568 (11th Cir. 1991) (holding that defendant's jurisdictional challenge to his indictment based on an allegedly illegal extradition was foreclosed by Eleventh Circuit precedent, citing *Ker-Frisbie* doctrine).

<u>Ground Three</u>

Defendant asserts that when he was originally arrested in 1997 he was not read his *Miranda* rights.[6]   He claims that his attorney told him this would be hard to prove and the officers would lie.   Regardless, Defendant's guilty plea and subsequent cooperation with the Government resulted in a waiver of this claim.

"A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant."   *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (quoting *United States v. Jackson*, 659 F.2d 73, 74 (5th Cir. 1981)) (holding that an indictment that charged the defendant with violating a valid federal

---

[6] Defendant also included argument with respect to this claim in his original memorandum.   (ECF No. 53 at 2-4.)

Case Nos.: 4:98cr69/RH/CAS; 4:16cv436/RH/CAS

statute but omitted an element of the offense contained a non-jurisdictional

defect); *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009)

(holding that, under the facts presented, a guilty plea did not waive a

challenge to the convictions as violating prohibitions against double

jeopardy); *United States v. Patti*, 337 F.3d 1317, 1320, 1322 (11th Cir.

2003) ("Generally, a voluntary, unconditional guilty plea waives all

non-jurisdictional defects in the proceedings" and holding that the denial of

a pretrial recusal motion is sublimated within a guilty plea and thereafter

unavailable as an issue for appeal); *Smith v. United States*, 447 F.2d 487,

488 (5th Cir. 1971) (holding that guilty plea constitutes a waiver of all non-

jurisdictional defects and defenses, including the defense of entrapment).

This waiver includes constitutional claims, including ineffective assistance

of counsel claims relating to pre-plea issues, although an attack on the

voluntary and knowing nature of the plea can be sustained.   *Tollett v.*

*Henderson*, 411 U.S. 258, 267 (1973) (individual who pleads guilty may

"attack the voluntary and intelligent character of the guilty plea").   No relief

is warranted on Claim 3.

<u>Ground Four</u>

In his final ground for relief, Defendant claims that attorney Clyde Taylor was constitutionally ineffective.   He asserts that Taylor misadvised him in several unspecified instances and failed to make unspecified objections that Defendant requested, telling Defendant that "We will get it on appeal" but Taylor later withdrew.   Defendant also maintains that he told appointed counsel Taylor to fire Defendant's retained attorney Tim Jansen, but Taylor never did.

Defendant's conclusory, non-specific allegations in his amended motion are insufficient to support § 2255 relief.   Looking back to the original memorandum (containing claims that Defendant, by not reasserting these claims, has abandoned), the court notes that there is reference to an objection to the two-level enhancement for possession of a dangerous weapon.   (ECF No. 53 at 5.)   This objection, based on the facts set forth in the PSR, is without merit.   The fact that Defendant did not have a weapon on his person at the time if his arrest is not dispositive, and neither attorney was ineffective for failing to make this objection.

Defendant also suggests, incorrectly, that his PSR was not updated. (*See* ECF No. 53 at 7-8; ECF No. 23, reflecting a date of May 9, 2012.)

Case Nos.: 4:98cr69/RH/CAS; 4:16cv436/RH/CAS

As he notes, his sentence was a minimum mandatory sentence that could not have been lower than 240 months.   He does not suggest what objections could have been made to secure a more favorable sentence than the below-guidelines sentence he received.

The record contains no indication that Defendant ever advised the court that he wanted to "fire" Attorney Jansen, and it was not Attorney Taylor's place to do so.   To establish ineffectiveness, Defendant must show that the outcome of the proceedings would have been different absent the deficient performance.   In this case, the attorneys jointly secured Defendant a sentence below the advisory guidelines range of 360 months to life imprisonment.   No ineffectiveness is apparent from the record, and Defendant is not entitled to relief.

<u>Failure to File a Substantial Assistance Motion</u>

Defendant claims in his original memorandum, although not in his amended motion, that the Government should have filed a substantial assistance motion.   (ECF No. 53 at 14-16.)   While it is true that the Government did not file a 5K1 or a Rule 35 motion, the court took Defendant's attempts at cooperation into consideration in imposing the below guidelines sentence.   (Case 98, ECF No. 37 at 44-45.)   Also,

Defendant has not alleged, and the record does not suggest, that the Government had an improper motive for not filing the motion.   Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.   *Wade v. United States*, 504 U.S. 181, 185-186 (1992).   A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing.   *Wade,* 504 U.S. at 186.   Even plea agreements that require the government to consider whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion. *United States v. Forney*, 9 F.3d 1492, 1499-1500 (11th Cir. 1993).   No relief is warranted on this claim.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor

has he shown that an evidentiary hearing is warranted.    Therefore

Defendant's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings

provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    A timely notice of

appeal must still be filed, even if the court issues a certificate of

appealability.    Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the

denial of a constitutional right.    § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted).    Therefore, it is also recommended that the court deny a certificate

of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final

order, the court may direct the parties to submit arguments on whether a

certificate should issue."    If there is an objection to this recommendation by

either party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The amended motion to vacate, set aside, or correct sentence

(ECF No. 58) be **DENIED**.

2.      A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 25th day of February, 2019.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

        **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.